**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reycina Stands, | No. CV-24-00506-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Future Trans Systems LLC, et al., | |
| Defendants. | |

Plaintiff Reycina Stands ("Plaintiff") filed a Motion for Default Judgment against Defendants Future Trans Systems LLC, Monica Matthews, Norman Matthews, Abdulqadir Roble, and Ayan Omar ("Defendants"). (Doc. 36, "Mot."). Defendants did not file a response. For what follows, the Court will grant the Motion and direct entry of default judgement against Defendants in the amount of $9,695.25.

## BACKGROUND

Plaintiff filed this action for recovery of unpaid overtime and wages under the Fair Labor Standards Act ("FLSA"), and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA") on March 9, 2024. (*See* Doc. 15, "FAC"). Defendant Future Trans Systems LLC is a non-emergency medical transport company doing business in Maricopa County, Arizona. FAC at ¶ 8. Defendants Monica Matthews, Norman Matthews, Abdulqadir Roble, and Ayan Omar are alleged to be owners of Future Trans Systems. *Id.* at ¶¶ 10-15. Plaintiff asserts Defendants failed to compensate her for approximately five workweeks of her employment as a driver from August to September 2023. *Id.* at ¶¶ 36-

1    37.

2        Plaintiff executed service of the First Amended Complaint and summons on

3    Defendants Future Trans Systems and Monica Matthews on May 22, 2024 (Docs. 26; 27),

4    followed by alternative service on Defendants Norman Matthews, Abdulqadir Robles, and

5    Ayan Omar on May 20, 2024 (Docs. 30; 31; 31). Defendants have failed to answer or

6    otherwise participate in this action. The Clerk of Court entered default against Defendant

7    pursuant to Fed. R. Civ. P. 55(a) on July 10, 2024. (Doc. 35). On July 15, 2024, Plaintiff

8    filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Mot.

9                                    **DEFAULT JUDGMENT**

10        Once default is entered, judgment may be entered under Rule 55(b). Whether to

11   grant default judgment is discretionary and courts routinely consider: (1) the possibility of

12   prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency

13   of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6)

14   whether the default was due to excusable neglect; and (7) the strong preference to decide

15   cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the

16   defendant appeared to defend against the claims. Thus, many applicable factors do not

17   provide meaningful guidance in this case. *See Ausseresses v. Pride Security LLC*, No. 23-

18   cv-02662, Doc. 14 at 2 (D. Ariz. May 15, 2024). The relevant *Eitel* factors are: 2) the

19   merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, and 4) the

20   amount in controversy, each of which will be discussed in turn.

21   **I.   Factors (2) Merits of the Claim and (3) Sufficiency of the Complaint**

22        The second and third *Eitel* factors, together, require consideration whether a plaintiff

23   has stated a claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D.

24   Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Here, the

25   complaint's factual allegations are taken as true, but the plaintiff must establish all damages

26   sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

27        To bring a minimum wage claim under the FLSA, a plaintiff must allege they were

28   not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638,

646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. And to bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek when the plaintiff worked more than forty hours and was not paid overtime wages for those hours. *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 207. An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997).  A defendant is liable under the FLSA when defendant "exercises control over the nature and structure of the employment relationship, or economic control over the relationship."  *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).  In a claim under the AMWA, a plaintiff must allege they were not paid the applicable minimum wage for hours worked.  A.R.S. § 23-363(A).

Plaintiff has alleged she worked "approximately five workweeks consisting of approximately 45 hours each" and Defendants "failed to compensate Plaintiff any wages whatsoever for the hours she spent working for Defendants during her approximately five weeks of employment." FAC at ¶¶ 36-37. Plaintiff also alleges her work for Defendants was "at all relevant times … engaged in interstate commerce" and Future Trans Systems had "annual gross sales of at least $500,000" in 2021, 2022, and 2023. *Id.* at ¶¶ 26-31. Plaintiff also alleges she was an employee of Defendants and Defendants were her employers as defined by A.R.S. § 23-362. *Id.* at ¶¶ 23-25.

Because Plaintiff's well-pled factual allegations are taken as true, Plaintiff stated a plausible claim for relief against Defendants under the FLSA and AMWA. These factors support entering default judgement.

## II. Factor (4) Amount in Controversy

This factor requires the Court to consider alleged damages in relation to the seriousness of Defendants' conduct.  *PepsiCo*, 238 F. Supp. 2d at 1176.  Plaintiff seeks $9,695.25 in trebled unpaid damages and liquidated overtime wages against Defendants.

Mot. at 3. This requested amount is reasonable and proportional to Defendants' failure to pay applicable minimum and overtime wages under federal and state law. This factor supports granting default judgment.

### III.    Conclusion

All the relevant *Eitel* factors support entering default judgment. The Court will grant the Motion and enter default judgment accordingly.

**DAMAGES**

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages," their "unpaid overtime compensation," and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. During Plaintiff's employment with Defendants from August 2023 to September 2023, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $13.85 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[1]

Under Arizona law, Plaintiff may not "stack" these damages to recover federal and state minimum wage damages for the same hours. *See Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual."); *Acosta v. Pindernation Holdings LLC*, 2023 WL 3951222, at *4–5 (D. Ariz. Mar. 1, 2023), report and recommendation adopted, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (finding Arizona law does not authorize stacked awards under the FLSA and AMWA).

### 1.    Unpaid Minimum Wages

Plaintiff submitted an affidavit stating she worked "approximately 45 hours per week" over "approximately five workweeks." (Doc. 36-1 at ¶¶ 6, 8). Plaintiff states Defendants did not pay her any wages for the five-week duration of her employment. *Id.* at ¶ 9; *see also* FAC at ¶¶ 36-37. For these five workweeks, Plaintiff alleges unpaid

---

[1] https://www.azica.gov/labor-minimum-wage-main-page (last accessed November 14, 2024).

Arizona minimum wage damages of $3,116.25[2] and unpaid federal minimum wage damages of $1,631.25.[3] *Id.* at 14-15. Federal minimum wages are doubled to $3,262.50 under 29 U.S.C. §216(b) and unpaid Arizona minimum wages are trebled to $9,348.75 under A.R.S. § 23-364(G). *Id.* at 15-17.

### 2.    Unpaid Overtime Wages

Plaintiff also alleges 25 hours of unpaid overtime at the rate of half the Arizona minimum wage at $6.93. *Id.* at 12-13. Plaintiff's unpaid overtime damages under the FLSA are $173.25.[4] *Id.* at 15. Unpaid federal overtime wages are doubled under 29 U.S.C. §216(b) for a total of $346.50. *Id.* at 15, 19.

### 3.    Coordination of Awards

Plaintiff has not sought "stack" the state and federal minimum wage claims which is not allowed, but asserts the smaller awards are "engulfed" in the larger ones. Thus, Plaintiff claims only Arizona state minimum wage damages of $9,348.75 and FLSA overtime damages of $346.50 to reach a total of $9,695.25.

Since the damages sought by Plaintiff are provided for by statute and Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff **$9,695.25** in damages.  The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).  The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 36) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Future Trans Systems LLC, Monica Matthews, Norman Matthews, Abdulqadir Roble, and Ayan Omar, jointly and severally, in the amount of $9,695.25 in damages and liquidated damages under the FLSA and AMWA.  This amount shall be

---

[2] 225 * $13.85 = $3116.25
[3] 225 * $7.25 = $1631.25
[4] 25 * $6.93 = $173.25

subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 14th day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge